UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


GERALD SHIELDS
    Plaintiff

-vs-                                          Case No. 08-14999
                                                Hon. Paul D. Borman
                                                Magistrate Judge: R. Steven Whalen

MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,
    Defendant

## REPLY BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### Introduction

At issue are Mr. Shields's allegations that MMCC sought to collect a debt he does not owe, and that these collection efforts ran afoul of §§ 1692e and 1692f of the FDCPA. In response, MMCC offers three principal defenses. 1) That MMCC was entitled to rely on its client for purposes of its collection efforts, and therefore did not violate the act. 2) That the evidence offered by Mr. Shields is not competent and should be disregarded for purposes of summary judgment; and 3) that any violations of the FDCPA were the product of a bona fide error which precludes entry summary judgment in Mr. Shields's favor. Mr. Shields replies to these arguments as follows.

**1.** **<u>MMCC has refused to address or meet the legal and factual allegations that MMCC misstated Mr. Shields's rights relating to the removal of the debt from his consumer reports.</u>**

One of Mr. Shields's central claims arises as a result of MMCC's misstatements concerning how Mr. Shields could have the debt removed from his consumer reports. Mr. Shields has provided his affidavit as to the content of those calls and MMCC has failed to provide any counter affidavit or other admissible evidence to create an issue of fact. Likewise, it has failed to even address the legal consequence of these statements. Consequently, there is no genuine issue of material fact as

to this claim and the Court should enter summary judgment as to this violation.

**2.      MMCC's "creditor reliance" defense is not supported by either legal authority or the operative facts in this case.**

In his motion, Mr. Shields seeks partial summary judgment for his claims under 15 U.S.C. 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10, and 1692f(1).  MMCC spends the bulk of its argument addressing this defense and arguing that it has fully complied with its validation obligations under § 1692g of the FDCPA by relying on its referring creditor.  *MMCC Brief* (Docket 59) at 8-12.  This argument fails for two reasons.

**a.      The legal authority cited by MMCC does not support its position that it may rely on its originating creditor in defense of a claim under §§ 1692e or 1692f.**

Mr. Shields does not seek summary judgment on his claims under § 1692g; they are not at issue for purposes of this motion.  Each of the cases cited by MMCC deal exclusively with the debt collector's duties to validate the debt under 15 U.S.C. § 1692g,[1] save one.[2]  Were that not sufficient reason to reject MMCC's ill-conceived defense, the *Clark* case cited by MMCC directly takes up

---

[1]*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)(anaylyzing validation under 1692g only); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174 (9th Cir. 2006)(expressly rejecting defense of reliance on creditor as a defense to claims under 1692e while upholding same reliance as sufficient for validation under 1692g); *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005)(addressing only debt collector's violations under 1692g and entering summary judgment in favor of Plaintiff on same); *Rudek v. Frederick J. Hanna & Assocs., P.C.*, 2009 WL 385804, 2009 U.S. Dist. LEXIS 11573, 5-6 (E.D. Tenn. Feb. 17, 2009)(addressing only claims under § 1692g).

[2]The only case cited by MMCC to address the "creditor reliance" defense within the context of claims outside 1692g is *Ducrest v. Alco Collections*, 931 F.Supp. 459, 462 (M.D. La. 1996). That case arose prior to the 5th Circuit decision in *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238-39 (5th Cir.1997) which took up the defenses available under the FDCPA and the strict liability nature of the statute.  Consequently, and in the face of the recent Circuit Court consensus, *Ducrest* appears to be an aberration, which is unlikely to be good law within its own circuit. See contra *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174 (9th Cir. 2006); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 235 (4th Cir. 2007).

and rejects the very position proffered by MMCC, namely that reliance on a creditor constitutes a valid defense under §§ 1692e and 192f. While this Court may ultimately take account of MMCC's degree of culpability in computation of damages, *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir.1993) ("the degree of a [debt collector's] culpability may only be considered in computing damages"), that culpability bears no relevance to the liability of MMCC. The exclusive defense to claims the FDCPA arises under the *bona fide* error provisions of § 1682k(c). *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 23-4-235 (4th Cir. 2007). As such, this entire line of argument represents little more than a straw-man argument; MMCC has offered a defense to claims that are simply not at issue in this motion. The refusal of MMCC to directly address the falsity of the claim constitutes a tacit admission of the validity of the claims.

    **b.** **MMCC has failed to support its claim of reliance with admissible evidence in support of its position.**

MMCC claims that it is may rely on St. John's Hospital's records to support its own actions and statements that Mr. Shields owes the debt at issue. Unfortunately for MMCC, St. John has denied under oath that Mr. Shields owes the money to it, that it ever hired MMCC to collect the debt, or that it generated the documents upon which MMCC now relies. In short, St. John disclaims any association with this debt.[3] In response, MMCC has staked out the absurd position that the hospital – upon whose documents MMCC claims to have relied – is itself mistaken about whether Mr. Shields owes the debt. Thus, MMCC asks this Court to disregard the hospital's sworn testimony and instead rely on MMCC's unsworn, hearsay recitation of an email placing the debt (MMCC's

---

[3] The documents relied upon by MMCC were not generated by or come from St. John. *St. John/Richardson Deposition* (Exhibit A) at 21. St. John is not the same entity as St. John/CRNA. *Id* at 22-23. Mr. Shields's insurance company paid the claim to St. John, completely satisfying any balance he might have owed. *Id* at 18. Mr. Shields owes no money to St. John. at 12. St. John never hired MMCC or any other collector to recover this debt. *Id* at 18.

Exhibit F), an email which MMCC itself destroyed long ago. Thus MMCC believes that Mr. Shields is responsible for this debt, irrespective sworn testimony and admissible evidence. MMCC offers no authority to support this novel approach to summary judgment. More importantly, the record evidence does not support this position. MMCC has produced no record evidence establishing that this debt came from St. John or that Mr. Shields owes it.

In order to rebut this testimony from a properly designated representative of St. John, who has worked in financial recovery for that hospital for 30 years, and who has managed that group since 2005, MMCC has reached into the depths of its records to produce two documents:

1) A blanket agreement that was put in place between St. John and MMCC in September 2000. (MMCC's Exhibit A); and

2) A nearly illegible, and incomprehensible computer screen of data processed information which MMCC claims came from St. John. (MMCC's Exhibit F).

The first document makes no reference to the debt in question and provides only general parameters for the referral of debts to MMCC. While this document might provide the basis for MMCC's initial reliance on a referral, this reliance is not reasonable in the face of a *bona fide* dispute from the consumer. See *Clark*, *supra*.

More importantly, the computer records offered by MMCC purport to refer a debt from St. John/CRNA to MMCC for collection. While MMCC has taken issue with the 30(b)(6) testimony of St. John on a number of point, it has not – and cannot – refute the central fact establishing MMCC's liability, namely that St. John and St. John/CRNA are two separate entities.[4]  While

---

[4]MMCC's analysis of this point is limited to its observation that its own records reveal that St. John and St. John/CRNA have the same EIN number on a claim form (MMCC's Exhibit H). The record in question, however, does support this conclusion and in fact demonstrates the exact opposite. By identifying the place of services as different from the service provider, this document indicates the need for differentiation between the two entities. Similarly, the document expressly identifies services as having been "provided by employee CRNA". This

MMCC claims that these entities are one and the same,[5] presumptively St. John's own 30(b)(6) witness, a 30 year employee is in a position to know such information. To the extent that the coded account notes are worthy of any weight, neither of these documents actually provides support for the idea that Mr. Shields owes the money to St. John rather than some other group. As such, these documents do not give rise to a question of fact on this point. MMCC's analysis represents nothing more than speculation and unsupported hypotheses, not record evidence.

In sum, MMCC has failed to come forward with sufficient evidence to present a genuine issue of material fact as to its misrepresentation of the identity of the creditor of this putative bill for $85, whether Mr. Shields owes the money, and whether it relied on St. John. In the absence of such evidence, the court must grant summary judgment in favor of Mr. Shields.

3. **The Court need not resolve the bona fide error defense and MMCC has failed to put forth sufficient facts to support that defense.**

While MMCC claims it is entitled to rely on the bona fide error defense, the Court need not resolve that issue for purposes of this motion. Rather, Rule 56(d) permits the Court to resolve the claims at issue and reserve decision on any available affirmative defenses. F.R.Civ.P. 56. To the extent that the Court wishes to take up those defenses, discovery reveals no actual facts to support the defense. See attached supplemental interrogatory responses, Exhibit D. And, in point of fact, MMCC continues to maintain throughout – and to this day – that Mr. Shields owes this money. As such it has ratified any past violations and has failed to recognize or rectify them. As set forth in

---

document, was redacted in large part, but the balance appearing on the bottom reveals that this document was not associated with Mr. Shields's treatment. Mr. Shields objects to this document as irrelevant, unauthenticated, hearsay which was not produced in its entirety.

[5]Documents recently produced by MMCC belie this claim. The attached checks from MMCC demonstrate that when it wants to pay St. John, it does so one way and makes those checks payable in care of Mr. Richardson, and when it wants to pay CRNA it does son in a different way. C.f. Exhibit B and C.

Mr. Shields's opening brief, MMCC maintains that it made no errors, and that its procedures were adequate. As such, MMCC has provided no facts supporting its defense, and its own deposition testimony demonstrates that it does not possess the facts to support this lawyer-made defense.

                                        Respectfully Submitted,

                                        By:  s/ Ian B. Lyngklip
                                        Ian B. Lyngklip (P47173)
                                        LYNGKLIP & ASSOCIATES
                                        CONSUMER LAW CENTER, PLC
                                        Attorney For Gerald Shields
                                        24500 Northwestern Highway, Ste. 206
                                        Southfield, MI 48075
                                        (248) 208-8864
                                        IanLyngklip@Att.Net

Dated: April 1, 2010

## Certificate of Service

I hereby certify that on April 1, 2010, I served this document on the following parties:

| **Party** | **Manner Served** |
|---|---|
| Charity Olson<br>Law Offices of Charity A. Olson<br>22142 West Nine Mile<br>Southfield, MI  48033 | Electronically via the CM/ECF System |

Respectfully Submitted,

By:  s/ Ian B. Lyngklip
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Gerald Shields
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: April 1, 2010